IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**YOLANDA CÁNO-ANGELES**, *et al.,*

    Plaintiffs,

    v.

**COMMONWEALTH OF PUERTO RICO (DEPARTMENT OF EDUCATION),**

    Defendant.

Civil No. 15-1005 (BJM)

## OPINION AND ORDER

Yolanda Cáno-Angeles and Genaro Herrera Dos Reis, personally and on behalf of their son, FHC (collectively, "Cáno"), appealed the administrative decision of the Puerto Rico Department of Education ("the Department"). Plaintiffs, having prevailed in their federal-court appeal, seek a total of $4,270.00 in attorney's fees and costs from defendants pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Docket No. 40-41. Defendants opposed. Docket No. 42. The case is before me by consent of the parties. Docket No. 18.

### FACTUAL AND PROCEDURAL HISTORY

FHC is registered with the Department as a student with disabilities. Compl. ¶ 13. FHC has been diagnosed with autism. Compl. ¶ 11. FHC resides with his parents in the municipality of Caguas, Puerto Rico. Compl. ¶ 12.

On May 2014, Cáno filed an administrative complaint against the Department, but the administrative law judge ("ALJ") dismissed it. The ALJ concluded the she lacked jurisdiction "to resolve the controversy regarding the applicable rate for [the] transportation scholarship." Docket No. 35-4 at 4. Plaintiffs appealed the ALJ's dismissal and asked this court to reverse it, and order the Department to pay transportation reimbursements. *See* Docket No. 1. On October of 2015, I reversed ALJ's decision and remanded the case, so that the merits of dispute may be resolved in the first instance by the ALJ. Docket No. 38.

## DISCUSSION

Plaintiffs seek attorneys' fees and costs due to them as prevailing parties pursuant to the IDEA. The IDEA permits a district court, in its discretion, to award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded . . ." *Id*. § 1415(i)(3)(C).

Among other restrictions, the court may not award attorney's fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation" under the IDEA. Id. § 1415(i)(3)(D)(ii). A preliminary meeting (which precedes the impartial due process hearing required to be held after a complaint has been received) conducted pursuant to 20 U.S.C. § 1415(f)(1)(B)(i) is not "a meeting convened as a result of an administrative hearing or judicial action." *Id*. § 1415(i)(3)(D)(iii). With certain exceptions, the court must reduce the fee award if, *inter alia*, it finds that the parent, or the parent's attorney, unreasonably protracted the final resolution of the controversy; the amount of otherwise-authorized fees "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id*. § 1415(i)(3)(F).

Plaintiffs' first motion seeks compensation of **$460.00** in filing fees, and fees for service of summons and subpoena. Docket No. 40. The second motion, filed with supporting statements, seeks compensation of **$3,810.00** in attorneys' fees and for additional litigation expenses pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(B). Docket No. 41.

Defendants do not dispute that plaintiffs are prevailing parties entitled to compensation.[1] Instead, they argue that the fees charged are excessive and duplicative. Docket No. 42. Defendants find excessive the hours billed for reviewing and drafting documents, and

---

[1] *But see*; "[w]hen plaintiff's success consisted of an appellate court decision reversing a directed verdict for the defendant and ordering a new trial, the plaintiff was not a prevailing party." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980); Sole v. Wyner, 551 U.S. 74, 83 (2007).

Cáno-Angeles, et al. v. Commonwealth of Puerto Rico Civil No. 15-1005 (BJM)                                    3

legal research, and seek a reduction of **$764.00.** Defendants' second argument is that the total amount for meetings, conferences, and e-mail communications should be reduced a total amount of **$245.00**, a reduction of 50%. According to defendants, the descriptions provided by the plaintiffs in the invoices lacked specificity in describing the work performed. Considering all requests for reductions, defendants seek a total deduction of **$1,009.00**. I will address these objections in turn.

*Time Drafting and Researching*

In regards to the hours billed by attorneys for time drafting and researching the district court has broad discretion to determine "how much was done, who did it, and how effectively the result was accomplished." *Lipsett v. Blanco,* 975 F.2d 934, 939 (1st Cir. 1992). The number of hours can be reduced to balance for excessive hours. *See Spooner v. EEN, Inc.,* 644 F.3d 62, 68 (1st Cir. 2011). Examples of such excesses include spending fifteen minutes reading a single-sentence order, or spending 90 minutes reading short motions and replies. *See Cortes-Reyes v. Salas-Quintana,* 806 F. Supp. 2d 470, 477 (D.P.R. 2011).

Defendants ask this court to reduce the amount for entries related to reviewing documents and conducting legal research, arguing that the amount of hours billed was excessive. However, defendants provide no guide as to what time it takes other experienced lawyers to perform the same task. I have reviewed the pleadings at issue and the hours devoted by the attorneys appear reasonable and are explained with sufficient detail in their invoice. See Exhibit 1-Docket 41-1.

*Conferences, Meetings and E-mails*

A court may adjust the hours to account for time records that are "too generic," causing them to be "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like." *Colón Vázquez v. Puerto Rico*, 2015 WL 847291, at *2 (D.P.R. 2015)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The *Grendel's Den* standard requires attorneys to keep contemporaneous and detailed time records, except in extraordinary circumstances. *Grendel's Den, Inc. v Larkin*, 749 F2d 945, 951 (1st Cir. 1984). Plaintiffs are "not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at 437. They should, however, identify the

Cáno-Angeles, et al. v. Commonwealth of Puerto Rico Civil No. 15-1005 (BJM)                    4

general subject of the time being billed. *Hensley*, 461 U.S. at 455. The problem with imprecise records is that "they fail to allow [ ] the paying party to dispute the accuracy of the records as well as the reasonableness of the time spent." *Lipsett*, 975 F.2d at 938 (internal citation and quotation omitted)(alteration in original).

Records will be sufficient and compensable if the subject matter and nature of the tasks are either explicitly stated or readily ascertainable based on other information contained in the records. *Parker v. Town of Swansea*, 310 F. Supp. 2d 376, 392 (D. Mass. 2004). When there is no interrelation between the entries and the dates or surrounding entries, a full account of the task performed will be required. *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 106 (D. Mass. 2009). References to telephone calls should not require extensive details to be compensable. *Parker*, 310 F. Supp at 392. A court must be cognizant of the attorney/client issue when attorneys are describing a task such as an email or a conference with the client; therefore if the court can deduce the general reason by examining the date of the task surrounding it, it will be considered reasonable. *Walsh*, 661 F. Supp. 2d at 117.

Defendants argue that the communications via email and conference calls were vague, unnecessary, or duplicative. Docket No. 42. However, they fail to provide the court with proof that these calls, emails, and meetings in fact were unnecessary. The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party. Charles Alan Wright, *et al.*, 10 Federal Practice & Procedure § 2668 (3d ed., 2015).

After reviewing the time records, I conclude that the hours billed were kept contemporaneously. For example, a telephone conference call of 12 minutes with Yolanda Cáno was made successively after drafting and reviewing opposition motions. *See* Exhibit 1 – Docket No. 41. Also, a telephone conference of 6 minutes was billed the same date the drafting of the verified complaint began. *Id*. As noted, the records are interrelated and provide details to one another. None of the entries are inconsistent, vague, excessive, or duplicative.

## CONCLUSION

For the foregoing reasons, the Motion for Bill of Costs, Docket No. 40, Motion for Attorneys' Fees and Cost and Litigation Expenses, Docket No. 41, are **GRANTED**. Plaintiffs are awarded **$4,270.00** in costs, fees, and litigation expenses.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of February, 2016.

                                                *S/ Bruce J. McGiverin*
                                                BRUCE J. McGIVERIN
                                                United States Magistrate Judge